**[Cite as *State v. Mattoni*, 2021-Ohio-3511.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-21-1064 |
| Appellee | Trial Court No. CR0202002682 |
| v. | |
| Shane Mattoni | **DECISION AND JUDGMENT** |
| Appellant | Decided: September 30, 2021 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Shane Mattoni, appeals the judgment of the Lucas County Court

of Common Pleas, following an *Alford* plea, convicting him of one count of robbery and

sentencing him to serve 36 months in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On December 23, 2020, the Lucas County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree. The charge arose from appellant's conduct on December 15, 2020, wherein appellant attempted to steal a table saw from Home Depot. When appellant was confronted by the store's loss prevention officer, appellant pushed the loss prevention officer and fled on foot.

{¶ 3} On March 25, 2021, appellant withdrew his initial plea of not guilty, and entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the amended charge of robbery in violation of R.C. 2911.02(A)(3) and (B), a felony of the third degree. Following a detailed plea colloquy, the trial court accepted appellant's plea and found him guilty.

{¶ 4} Thereafter, the matter proceeded immediately to sentencing. After hearing statements in mitigation, the trial court commented on appellant's criminal history, recognizing that appellant has committed an uninterrupted series of crimes for the past 18 years, likely influenced by appellant's alcohol and substance abuse issues. The court also noted that appellant had previously been placed on community control and within two months violated those terms and was removed from drug court. The court considered appellant's substance abuse problem, but ultimately found that appellant was not amenable to community control given his criminal history. The court therefore sentenced appellant to the maximum prison term of 36 months.

2.

## II.  Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

> 1.  Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

## III.  Analysis

{¶ 6} We review criminal sentences under the standard set forth in R.C. 2953.08(G)(2).  *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16.  R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 7} Here, appellant argues that the trial court's imposition of the maximum prison sentence does not achieve the principles and purposes of sentencing under R.C. 2929.11, and that the court improperly weighed various seriousness and recidivism factors under R.C. 2929.12.  Appellant suggests that under the circumstances, community control sanctions, including substance abuse treatment, would have been a more

3.

appropriate punishment than a maximum prison term. Recently, though, the Ohio Supreme Court has clarified that such an analysis is not appropriate for appellate review. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42, the court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."

{¶ 8} Notably, appellant recognizes the authority presented in *Jones*, but protests that the rule is an unconstitutional limit on our ability to review appellant's sentence. In support of his position, appellant cites R.C. 2505.03(A), which states, "Every final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." However, "there is no constitutional right to an appellate review of a criminal sentence." *State v. Smith*, 80 Ohio St.3d 89, 97, 684 N.E.2d 668 (1997), citing *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Further, the Ohio Supreme Court has already rejected a similar argument in *State v. Marcum*¸146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 18-21, and in so doing described the relationship between Article IV, Section 3(B)(2) of the Ohio Constitution,[1] R.C. 2505.03(A), and R.C. 2953.08:

---

[1] Article IV, Section 3(B)(2) of the Ohio Constitution states, "Courts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." (Emphasis added.)

Article IV, Section 3(B)(2) of the Ohio Constitution provides courts of appeals with jurisdiction to review inferior courts' decisions. R.C. 2505.03(A) is consistent with that provision of jurisdiction, but it limits appellate review to judgments and final orders entered by the lower courts. Finally R.C. 2953.08 specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals. We need look no further.

Therefore, consistent with *Jones*, because R.C. 2953.08(G)(2) does not permit us to review the trial court's application of R.C. 2929.11 and 2929.12, we will not consider whether the facts in this case supported imposing community control sanctions as opposed to the maximum prison sentence.

{¶ 9} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 10} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Thomas J. Osowik, J.

                                            _____
Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                            _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.